UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MINERVA MARIA GONZALEZ,**

      **Plaintiff,**

v.                                                        Case No: 6:20-cv-1133-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM AND OPINION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying her September 8, 2016 application for a period of disability and disability insurance benefits. On April 1, 2019, the Administrative Law Judge (ALJ) issued an unfavorable decision finding that Claimant was not under a disability as defined in the Social Security Act since April 7, 2016, through the date of the decision. R. 31. The Appeals Council denied Claimant's request for review. R. 20-22.

Having considered the parties' joint memorandum, Claimant's reply (filed with leave of Court), and being otherwise fully advised, the Court concludes that the Commissioner's decision is due to be **REVERSED** and **REMANDED**.

    **I.**    **Issues on Appeal**

Claimant makes three arguments on appeal: (1) whether the medical source opinion evidence was properly considered; (2) whether the mental residual functional capacity finding is supported by substantial evidence; and (3) whether Claimant's subjective allegations were properly considered. Doc. 20 at 23.

## II. Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. Discussion

The ALJ determined that Claimant has the following severe impairments: degenerative disc disease of the spine, general anxiety disorder, and major depressive disorder. R. 25. The ALJ found that claimant has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) except:

> the claimant can never climb ladders, ropes or scaffolds. She can occasionally perform other postural activities. The claimant can perform other postural activities. She can perform simple routine tasks with occasional social interactions.

R. 27.

In making this determination, Claimant argues that the ALJ improperly considered the evidence. The Court agrees and, therefore, will not address the remaining arguments.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In

doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources.  *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012). Medical opinions are statements from physicians, psychologists, or other acceptable medical sources that reflect judgments about the nature and severity of impairments, including symptoms, diagnosis and prognosis, what a claimant can still do despite impairments, and physical or mental restrictions.  20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).  Testimony or opinions from a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary.  *Lewis*, 125 F.3d at 1339.

Claimant contends that the ALJ's evaluation of the medical source opinions is not supported by an adequate rationale or substantial evidence.  Doc. 20 at 23.  Claimant complains that the ALJ erred in implicitly rejecting the opinions of her treating physician, Dr. Garcia, and treating psychiatrist, Dr. Caro.  *Id*.  Claimant states that the ALJ's decision does not clearly state how the opinion evidence was weighed, how they were incorporated into the RFC, and fails to comply with 20 C.F.R. § 404.1520c.[1]  *Id*.  Claimant also argues that the ALJ erred in implicitly adopting the opinion of non-examining physician Dr. Eaton regarding her physical limitations.  *Id*.

Claimant asserts that the "decision only notes if the evidence 'supports' the opinions or 'is consistent with' the opinions of Drs. Caro, Ibars, Garcia and Eaton." *Id*. at 24.  Claimant argues that the ALJ did not indicate what the ALJ's ultimate conclusions were regarding the weight

---

[1] In the Reply, Claimant, through counsel, states that the citation in the Joint Memorandum to the new regulation, § 404.1520c, was made in error because her application for benefits was protectively filed on September 8, 2016. Doc. 24. The Social Security Administration (SSA) has amended its regulation and rescinded SSR 06-03p, 2006 SSR LEXIS 5 for claims filed *after* March 27, 2017. As such, 20 C.F.R. § 404.1527 is applicable to this case. Even so, Claimant contends that the substance of her argument remains the same. Doc. 24 at 1.

accorded or the persuasiveness of the opinions. *Id*. Claimant states that, in notable contrast, the ALJ explicitly weighed the opinions of the State agency psychologists stating, "I give little weight to the opinion of the State agency reviewing psychologists. . . ." R. 25. As such, it is Claimant's position that the ALJ's decision is incomplete due to the unfinished analysis regarding most of the medical opinions. *Id*. at 24.

To the contrary, the Commissioner asserts that "the ALJ applied the factors for evaluating opinion evidence and gave good reasons, supported by substantial evidence in the record, for assigning little weight to the opinions of Drs. Caro, Ibars, and Garcia, and more weight to the opinion of Dr. Eaton (Tr. 29)." *Id*. at 35-36, citing 20 C.F.R. § 404.1545(c); SSR 96-5p; *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015); *Winschel*, 631 F.3d at 1179. [2] The Commissioner also states that the ALJ assigned "little weight to Dr. Ibars' opinion, finding his opinion was inconsistent with the evidence of record,"[3] and "clearly assigned Dr. Garcia's opinion little weight and provided reasons for discounting his opinion." *Id*. at 37-39.

Directly contrary to the Commissioner's statements regarding the assignment of "little" or "more weight," the Claimant correctly maintains throughout the reply that the ALJ did not assign "little weight" or any specific weight to the opinions of Drs. Caro, Garcia, Ibars, or Eaton. Doc. 24.

The ALJ stated the following with respect to the opinion evidence:

---

[2] The Commissioner makes a similar argument earlier in the Joint Memorandum that "[c]ontrary to Plaintiff's arguments, substantial evidence supports the ALJ's decision to assign little weight to the opinions of Drs. Caro, Ibars, and Garcia, and more weight to the opinion of Dr. Eaton (Tr. 29)." Doc. 20 at 33, citing 20 C.F.R. § 404.1545(a)(3).

[3] The ALJ actually found that "On August 26, 2016, treating physician George Ibars, MD., opined that the claimant would not be able to return to work in the post office (Ex. 4F at 1). I note that this finding is *consistent* with that of the doctor's treatment notes." R. 29 (emphasis added).

> As for the opinion evidence, treating psychiatrist Dr. Caro opined that the claimant had marked and poor ability to engage in mental work related activities (Ex. 13F). I find that the doctor's treatment notes do not entirely support the opinion. In fact, the treatment notes are difficult to decipher. It seems each note begins with brief statement of the claimant's subjective complaints on that date, but then are a repetitive form, which includes a global assessment of functioning (GAF) score of more than 71. This does not appear to be an actual assessment. Notes also always say symptoms are worse, then it says symptoms are controlled by medications. Many include the phrase "incident of harming himself or somebody elts in the past". (Ex. 3F, 9F, 13F). As such, I find that Dr. Caro's opinion is not consistent with the doctor's own treatment notes.
>
> On August 26, 2016, treating physician George Ibars, M.D., opined that the claimant would not be able to return to work in the post office (Ex. 4F at 1). I note that this finding is consistent with that of the doctor's treatment notes.
>
> On January 31, 2018, Dr. Garcia opined that the claimant would be unable to perform her work as a postal clerk (Ex. 11F at 3). Dr. Garcia further opined that the claimant could sit, stand, and walk for up to 1 hour in an 8 hour workday (Ex. 14F at 39). She could occasionally lift up to 10 pounds (Ex. 14F at 39-40). The claimant would be unable to perform even sedentary or light work (Ex. 14F at 47). First, I note that the impairments and limitations described by Dr. Garcia are not fully supported by the record. Moreover, Dr. Garcia described the claimant's job as lifting up to 70 pounds. I find that the record does support a finding that she would not be able to lift that amount.
>
> State agency reviewing physician, Cynthia Eaton, M.D., opined that the claimant is able to perform a range of light work (Ex. 5A). I find that this opinion is consistent with records of the claimant's treating neurosurgeon (Ex. 4F, 10F, 12F) who restricted the claimant to light duty work at the post office in light of continued pain with normal neurological examination (See Ex. 10F at 1 and 5; 12F at 3).

R. 29.

Based on the foregoing, the ALJ discussed the consistency of the physicians' opinions but there is no mention of the assigned weight. An ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel*, 631 F.3d at 1179. Otherwise, a court has no way to determine whether substantial evidence supports the ALJ's decision, and the court should not affirm simply because some rationale might have supported the ALJ's conclusion. *See id*. For example, in *Bailey v. Comm'r of Soc. Sec*, the court found that "where the ALJ made

no mention of [the physician's] opinion that Bailey was unable to work and failed to specify the weight given to that opinion, [the court] cannot determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Bailey v. Comm'r of Soc. Sec.*, 2020 WL 504858, at *3 (11th Cir. 2020) (internal quotations omitted).  As in *Bailey*, the ALJ's failure to assign weight to the physicians' medical opinions here is reversible error.  The Court notes that, with respect Drs. Garcia and Ibars, the Commissioner states that issues reserved for the Commissioner are not medical opinions and, therefore, the opinions that Claimant could not perform her past work are not entitled to any special deference or evaluation. *Id*. at 37-39.  The Commissioner's point is well-taken.  Indeed, in *Bailey*, the opinion at issue was that the claimant was unable to work, and the court recognized that the final determination of whether a claimant is unable to work is one that is reserved to the Commissioner.  *Id*.  Regardless, the court stressed that "the ALJ must consider all the claimed expert, medical opinions in the record and must specify the weight – including no weight, if applicable – given to each purported medical opinion and the reasons therefor." *Id*, citing §§ 404.1520(e), 404.1527(c), *Winschel*, 631 F.3d at 1179, *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).

Even if the failure to assign weight can be harmless error (contrary to decision of the court in *Bailey*), Claimant argues, and the Court agrees, that the ALJ's analysis with respect to Dr. Garcia is inadequate.  "Before an ALJ may reject a treating physician's opinions as inconsistent with other medical findings in the record, he or she must identify a 'genuine' inconsistency." *Simon v. Comm'r Soc. Sec.*, 7 F.4th 1094, 1107 (11th Cir. 2021).  "The ALJ's failure to explain how [the treating physician's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required." *Palton v. Comm'r Soc. Sec.*, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008).

The ALJ discussed the January 31, 2018 opinion of Dr. Garcia (a treating physician) concerning Claimant's ability to work as a postal clerk and concerning standing / sitting / walking / lifting limitations. R. 29. The ALJ discounted the opinion as apparently inconsistent with the record but did not explain, or cite to evidence supporting, that conclusion. *Id*. Instead, the ALJ made a blanket assertion that the impairments and limitations Dr. Garcia described are not fully supported by the record and that the record does not support a finding that Claimant cannot lift up to 70 pounds. *Id*. There is nothing more to guide the Court. The ALJ's statement is conclusory at best, and the basis for determining that an inconsistency exists is unclear. So, even if the reasoning in *Bailey* concerning the failure to assign weight does not carry the day, the Court would be required to speculate (or rely upon the Commissioner's post hoc rationalizations) regarding the record evidence upon which the ALJ relied to determine if substantial evidence exists. *See Gooding v. Comm'r of Soc. Sec.*, 2019 WL 2142952, at *7 (M.D. Fla. May 1, 2019) (finding insufficient the ALJ's decision to reject a treating physician's opinion where the ALJ made a broad statement that the claimant's "rather conservative care with normal physical exam findings. . . more appropriately supports light exertional work," without further explanation or citation to any specific evidence in support). Accordingly, the Court finds that the Commissioner's argument that the "ALJ clearly assigned Dr. Garcia's opinion little weight and provided reasons for discounting his opinion" (Doc. 20 at 39) is not supported by substantial evidence.

Since this issue is dispositive, the undersigned finds that there is no need to address Claimant's remaining arguments. *See Diorio*, 721 F.2d at 729 (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## IV. Conclusion

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED**; and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**ORDERED** in Orlando, Florida on September 13, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE